UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BYRON BREASTON, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:09-CV-0029 WL |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Byron Breaston filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 Elkhart County conviction for escape, for which he received a sentence of seven and a half years, and challenging the adjudication that he is an habitual offender. (DE 1). He subsequently filed an amended petition restating his claims. (DE 7).

The jury found Breaston guilty of escape and determined that he was a habitual offender. On November 17, 2004, the trial court sentenced him to three years for escape and enhanced that sentence by four and one-half years for the habitual offender finding. DE 12-2 at 5). The Indiana Court of Appeals affirmed Breaston's conviction on direct appeal on September 22, 2005, (DE 12-4), and denied his request for rehearing. (DE 12-3). The Indiana Supreme Court declined to accept his petition to transfer because it was untimely. (DE 12-3). Breaston filed a petition for post-conviction relief (DE 12-2), and the trial court granted partial relief. Breaston and the State filed cross-appeals, and the Indiana Court of Appeals reversed the post-conviction court's decision to grant Breaston's petition for post-conviction relief in part and affirmed Breaston's conviction and sentence. (DE 12- 6). The

Indiana Supreme Court denied transfer. (DE 12-7 at 6).

In a Habeas Corpus proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner is able to rebut that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In evaluating a legal determination made by a State court, the:

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted).

> For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by this Court refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision. We look for the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.

*Yarborough v. Alvarado*, 541 U.S. 652, 660-661 (2004) (quotation marks and citations omitted).

Furthermore, the United States Supreme Court has made clear that district courts should not independently decide the merits of the petitioner's legal arguments.

> As we have explained, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied a [United States] Supreme Court case incorrectly. Rather it is the habeas applicant's burden to show that the state court applied [that

2

case] to the facts of his case in an objectively unreasonable manner.

*Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation marks, citations and brackets omitted).

In his amended petition for writ of habeas corpus, Breaston presents four grounds, the first three of which are interrelated. In ground one he asserts that "[t]he state failed to provide the jury with two prior unrelated felony convictions" to support the finding that he is an habitual offender, (DE 7 at 6), in ground two he alleges that a conviction for possession of cocaine should not have been used as a predicate felony to help establish that he was an habitual offender, and in ground three he argues that his trial and appellate counsel were ineffective because trial counsel failed to object to the use of the possession of cocaine conviction during the sentencing phase of his trial and appellate counsel "filed an inadequate brief and failed to pursue the issue as requested by Breaston." (DE 7 at 7). In ground four, Breaston asserts that pursuant to Rule 4 of Indiana's criminal rules he is entitled to credit time while awaiting trial and sentencing.

In reviewing a petition for federal collateral relief from a state court judgment of conviction, this court must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). As stated by the Indiana Court of Appeals in Breaston's post-conviction appeal, the facts related to his habitual offender status and ineffectiveness of counsel are as follows:

The State attached to its amended answer certified copies of judgments of

3

> conviction for receiving stolen property, forgery, and theft. Breaston offered no evidence or argument to the contrary. He bore the burden of proof; therefore, he would not have been entitled to relief if the court had considered the ineffective assistance claim. *See Weatherford v. State*, 619 N.E.. 2d 915, 917-18 (Ind. 1993) (denying post-conviction relief because Weatherford did not demonstrate that he was not an habitual offender).

(DE 12-10 at 6-7) (footnote omitted).

The Respondent argues that Breaston has defaulted grounds one, two, and three. In the alternative, he asserts that these grounds state no claim upon which habeas relief can be granted.

Procedural default occurs when the state court addressing the petitioner's claim disposed of it on an adequate and independent state law ground. *Coleman v Thompson*, 501 U.S. 722, 729-32 (1991). Federal courts may not review a question of federal law decided by a state court if the state court's decision rests on state law grounds that are independent of the federal question and adequate to support the judgment. *Id.* at 729; *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999). The independent and adequate state ground doctrine applies to "bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30; *Franklin*, 188 F.3d at 881. That is because "[f]ederal habeas relief is available only when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court, or when the default would lead to a fundamental miscarriage of justice." *Franklin*, 188 F.3d at 881-82 (quoting *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir.1997)).

4

The Indiana Court of Appeals held that Breaston had waived the issue of whether his cocaine conviction was an eligible predicate offense because it "was available on direct appeal, and therefore cannot be raised in a petition for post-conviction relief. *See Timberlake*, 753 N.E. 2d at 597 ("if an issue was known and available, but not raised on defendant on direct appeal, it is waived."). (DE 12-10 at 6). The Indiana Court of Appeals court noted that to avoid waiver, Breaston argued that his counsel was ineffective, (*Id.*), and addressed his ineffectiveness of counsel claims and his habitual offender status on the merits. DE 12-10 at 6-7). The Indiana Court of Appeals stated that:

> To avoid waiver, Breaston argued his counsel was ineffective in that neither trial nor appellate counsel challenged the use of his cocaine conviction as a predicate offense. To establish a violation of the right to counsel, Breaston must show counsel's performance was deficient and prejudiced him. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed.

(DE 12- 10 at 6) (Citations omitted).

The Indiana Court of Appeals concluded that Breaston was not prejudiced because the State established that he had been convicted of receiving stolen property, forgery, and theft and that accordingly, "he would not have been entitled to relief if the court had considered his ineffective assistance claim." (DE 12- 10 at 6) (citations and footnotes omitted). Because the Indiana Court of Appeals addressed Breaston's ineffective assistance of counsel claim and his argument that there was insufficient evidence to establish that he was an habitual offender on the merits, this court will also address those claims on the merits.

5

In order to succeed on his ineffective assistance of counsel claim, Breaston must show not only that counsel's performance was unconstitutionally deficient, but also that the deficient performance prejudiced him. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 692 (1984)). To show prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's, unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Indiana Court of Appeals determined that Breaston could not satisfy the prejudice prong of the *Strickland v. Washington* ineffective assistance of counsel inquiry because he had other prior convictions that could have been properly used to support the habitual offender determination. Thus, reasoned the Indiana Court of Appeals, if his trial counsel had raised the issue that possession of cocaine was not an appropriate predicate felony for a habitual offender finding, then the State would have charged Breaston with a different predicate felony, which would have yielded the same result.

The Indiana Court of Appeals' adjudication of Breaston's ineffective assistance of counsel claim was reasonable. There is no basis on the record before the court for this court to conclude that the Indiana Court of Appeals misapplied the standards of *Strickland v. Washington* or that the its adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Indiana Court of Appeals' conclusion that there were sufficient predicate felonies to support the

6

adjudication that Breaston was an habitual offender is supported by the record, and must be accepted by this court because Breaston has not met his burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Breaston concedes in his amended petition that he did not "raise the issue of Criminal R. 4 no credit time issue" in his appeals to the Indiana Court of Appeals. (DE 7 at 8). Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). Because Breaston did not present his jail credit time claim to the state courts, he has not exhausted his the state court remedies on that claim, and this court will not address that claim.

For the foregoing reasons, the court the court **DENIES** this petition.

SO ORDERED on October  13,  2009

s/William C. Lee  
William C.  Lee, Judge  
United States District Court
