# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

BYRON BREASTON,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　) 　　CAUSE NO. 3:09-CV-0029 WL
　　　　　　　　　　　　　　　　　)
SUPERINTENDENT, MIAMI　　　　　　)
CORRECTIONAL FACILITY,　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　 )

## OPINION AND ORDER

Petitioner Byron Breaston filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 Elkhart County conviction for escape, for which he received a sentence of seven and a half years, and challenged the adjudication that he is an habitual offender. (DE 1). He subsequently filed an amended petition restating his claims. (DE 7). In his amended petition for writ of habeas corpus, Breaston presented four grounds. In ground one he asserted that "[t]he state failed to provide the jury with two prior unrelated felony convictions" to support the finding that he is an habitual offender, (DE 7 at 6), in ground two he alleged that a conviction for possession of cocaine should not have been used as a predicate felony to help establish that he was an habitual offender, and in ground three he argued that his trial and appellate counsel were ineffective because trial counsel failed to object to the use of the possession of cocaine conviction during the sentencing phase of his trial and appellate counsel "filed an inadequate brief and failed to pursue the issue as requested by Breaston." (DE 7 at 7). In ground four, Breaston asserted that pursuant to Rule 4 of Indiana's criminal rules he is entitled to credit time while awaiting

trial and sentencing.

After reviewing the parties' submissions and portions of the state court record, this court concluded that none of these grounds were meritorious and denied the petition. The petitioner has now filed a notice of appeal, a motion for a certificate of appealability, and a motion for leave to proceed *in forma pauperis* on appeal. He lists all of his grounds in his COA except for the claim that he did not get the credit time for time served while awaiting trial and sentencing.

Pursuant to Fed. R. App. P. 22(b)(1), "in a habeas corpus proceeding . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

> To obtain a COA under § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot v. Estelle*, 463 U.S. 880 (1983), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

This petitioner has not made a substantial showing of the denial of a right protected by the United States Constitution. For the reasons stated in this court's order denying the habeas corpus petition (DE 17) the petitioner presents no meritorious claim justifying the granting of habeas relief, and nothing he presents suggests a possibility that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Where the court denies a certificate of appealability because the petition was without merit,

then it should also deny *in forma pauperis* status on appeal because the appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

For the foregoing reasons, the court **DENIES** the petitioner's request for a Certificate of Appealability (docket #20) pursuant to Rule 22(b), Federal Rules of Appellate Procedure because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court also **DENIES** the petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket #21) because the appeal is not taken in good faith. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

SO ORDERED on November 4, 2009

                                         **s/William C. Lee**
                                         William C. Lee, Judge
                                         United States District Court